IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ELLIOTT McGAULEY, )
)
        Plaintiff, )
)
vs. )
)
GOVERNMENT EMPLOYEES )
INSURANCE COMPANY, )
)
        Defendant. )
_____) Case No. 3AN-10-_____ Civil

COMPLAINT

Plaintiff, Elliott McGauley ("Mr. McGauley"), through counsel of record, Timothy J. Lamb of Delaney Wiles, Inc., alleges:

1. Plaintiff Mr. McGauley is a resident of the State of Alaska, residing in Anchorage, Alaska in the Third Judicial District.

2. Upon information and belief, defendant corporation Government Employees Insurance Company (hereinafter GEICO) is a foreign corporation (meaning incorporated in a state other than Alaska), licensed to do business in the State of Alaska, specifically including in Anchorage, Alaska, in the Third Judicial District.

3. On or about December 2, 2008, Mr. McGauley was insured by GEICO through an automobile insurance contract

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Exhibit _B_

Page _1_ of _7_

(policy) he entered into with GEICO, which contractually obligated GEICO to compensate Mr. McGauley for damages he suffered or will suffer which he is legally entitled to recover against the owner or operator of an underinsured or uninsured motor vehicle, to the extent any recovery or jury verdict against that "at fault" driver did not make Mr. McGauley whole (i.e., fully compensate him for all damages sustained as a result of the other driver's fault in that accident).

4. As a result of the negligent driving of Ms. Russell, Mr. McGauley was seriously injured when Ms. Russell lost control of her vehicle and crossed the centerline, directly in front of Mr. McGauley's vehicle. At the time of impact, Mr. McGauley was driving his vehicle in a reasonable and safe manner and was in no way responsible for the accident, or his subsequent injuries.

5. The impact of the collision caused by Ms. Russell's negligent driving seriously injured Mr. McGauley, including injuries to his right knee and lower right leg and ankle.

6. As a direct and proximate result of the negligent manner in which Ms. Russell was driving at the time of the accident, Mr. McGauley suffered and continues to suffer other

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Complaint
Page 2 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit B
Page 2 of 7

injuries. Mr. McGauley has had to undergo medical care in an attempt to alleviate the physical injuries suffered when the vehicle he was in was struck by the vehicle driven by Ms. Russell. Mr. McGauley remains under the care of health care providers, including orthopedic surgeon Dr. George Rhyneer.

7. Following the accident, radiological studies showed soft injury to the knee and a syndesmosis tear, which Dr. Rhyneer has recommended be surgically repaired. Dr. Rhyneer estimated Mr. McGauley needs to be non-weight bearing following that surgery for approximately eight weeks, and participate in PT for an additional twelve weeks after the cast is removed. Dr. Rhyneer estimated surgical fees from the Rhyneer Clinic, PC will be in excess of $10,000. In addition, there will be hospital day surgery fee, the anesthesiologist fee, medication costs, physical therapy, and other miscellaneous expenses that cumulatively will cost over $20,000.00 (when added to the Rhyneer Clinic fees).

8. Dr. Rhyneer has provided a written opinion that assuming Mr. McGauley had no significant pre-existing injury to his knee or syndesmotic ligaments, then it is reasonable to conclude the two injuries (knee & syndesmotic ligament) and the surgical procedure Dr. Rhyneer has recommended for Mr. McGauley's

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Complaint
Page 3 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit B
Page 3 of 7

Case 3:10-cv-00128-TMB   Document 1-2   Filed 06/14/10   Page 3 of 7

lower leg were caused by the T-bone collision between the vehicles, as described above.

9. As a direct and proximate result of Ms. Russell's negligence, Mr. McGauley has incurred medical expenses in the past and will incur substantial medical expenses in the future, and suffered and continues to suffer emotional distress and loss of enjoyment of life in addition to the physical injuries described above. He has also experienced a loss of past earnings and will suffer a loss of future earnings, and possibly a loss of future earning capacity.

10. Mr. McGauley made a claim against the negligent driver, Ms. Russell. A subsequent settlement for her policy limits in the minimum amount required by Alaska Statute was received by Mr. McGauley. The settlement documents expressly reserved the right of Mr. McGauley to pursue the underinsured motorist GEICO insurance proceeds available under his insurance policy in effect on the day in question.

11. After settlement of the lawsuit against the "at fault" driver (Ms. Russell), for an amount that did not fully compensate him, Mr. McGauley submitted medical records, proof of loss of income, proof of the need for future surgery by Dr. Rhyneer and an estimate of his charges for that surgery and other

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Complaint
Page 4 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit __B__
Page _4_ of _7_

documentation along with a written request for additional compensation to his insurer, GEICO, to honor its contractual obligations and pay him a reasonable and fair amount of compensation, for his remaining uncompensated damages arising out of the December 2, 2008 motor vehicle accident.

12. In spite of Mr. McGauley's repeated attempts to obtain the fair and reasonable compensation owed to him under the UIM endorsement of the GEICO policy in effect on the date of the accident, and a written statement from a board certified surgeon (Dr. Rhyneer) stating a causal nexus exists between the December 2, 2008 motor vehicle accident and the need for surgical repair, GEICO has refused to honor its contractual obligations and pay Mr. McGauley fair and reasonable compensation for his damages arising out of the accident in question.

## BREACH OF CONTRACT

Plaintiff realleges all prior paragraphs as if fully set forth herein and further alleges as follows:

13. GEICO had (and has) a contractual obligation to pay Mr. McGauley full and reasonable compensation for all damages sustained as a result of the December 2, 2008 accident, up to the full policy limits available to him under the UIM insurance

BLANEY WILES, INC.
SUITE 400
007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1391

Complaint
Page 5 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit B
Page 5 of 7

coverage he purchased from GEICO and that was in effect on the date of the accident in question.

14. GEICO has breached its contractual obligations to fully and fairly compensate Mr. McGauley for the damages it is required to pay, under the underinsured motorist insurance coverage Mr. McGauley purchased from GEICO that was in effect on the day of the accident in question.

15. As a result of GEICO's breach of its contractual obligations to Mr. McGauley, he has not received adequate and full compensation for the injuries and losses he suffered in the December 2, 2008 accident, and has not been "made whole" or reasonably compensated for the damages he sustained as a result of the accident in question. As such, he is entitled to monetary damages as outlined below.

16. GEICO's actions in not fairly offering compensation to it's insured under the contract it has with Mr. McGauley constitutes a reckless disregard of it's contractual duty to fairly compensate its insured's, and which may also be part of a practice to routinely offer less than fair and adequate compensation to its insured's.

WHEREFORE, Mr. McGauley requests the following relief:

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Complaint
Page 6 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit B
Page 6 of 7

1. For compensatory damages in favor of Mr. McGauley and against defendant in excess of $100,000, the exact amount to be proven at trial;

2. For an award of exemplary damages, if warranted;

3. For costs, interest and attorney's fees; and

4. For such other relief as the court deems just and proper.

DATED this 6th day of May, 2010, at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Plaintiff

Timothy J. Lamb #8409080

4817-7121-4245, v. 1

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Complaint
Page 7 of 7
McGauley v. GEICO
Case No. 3AN-10-_____ Civil

Exhibit B
Page 7 of 7

Case 3:10-cv-00128-TMB   Document 1-2   Filed 06/14/10   Page 7 of 7